Electronically Filed
Intermediate Court of Appeals
29912
29-AUG-2011
08:14 AM

NO. 29912

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


COLLIN CABATBAT, Plaintiff/Counterclaim Defendant-Appellee,
v.
BARRY CURTIS, Defendant/Counterclaimant-Appellant,
and
STATE OF HAWAII, UNIVERSITY OF HAWAII dba UNIVERSITY
OF HAWAII AT HILO aka UNIVERSITY OF HAWAII HILO;
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE JOINT VENTURES 1-10; and DOE
GOVERNMENTAL ENTITIES 1-10, INCLUSIVE,
Defendants-Appellees

———————————

BARRY CURTIS, Third-Party Plaintiff,
v.
BRENDA CABATBAT and DAVID CABATBAT, Third-Party Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-0418)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant/Counterclaimant/Third-Party Plaintiff-
Appellant Barry Curtis (Curtis) appeals from the interlocutory
"Order Denying Defendant/Third-Party Plaintiff Barry Curtis'
Motion for Judgment on the Pleadings Pursuant to [Hawaii Revised
Statutes (HRS)] Chapter 634F, or in the Alternative, Pursuant to
[Hawai'i Rules of Civil Procedure (HRCP)] Rule 12(B)(6)" (Order)

filed on June 17, 2009 in the Circuit Court of the Third Circuit (circuit court).[1]

On appeal,[2] Curtis contends the circuit court erred in denying his April 1, 2009 "Motion for Judgment on the Pleadings Pursuant to HRS Chapter 634F, or in the Alternative, Pursuant to HRCP Rule 12(B)(6)" (Motion), under HRS Chapter 634F, because the court (1) misinterpreted the definition of "proceeding," (2) construed HRS Chapter 634F narrowly rather than liberally, (3) found that Plaintiff/Counterclaim Defendant-Appellee Collin Cabatbat (Cabatbat) had met his burden of proof and persuasion under HRS § 634F-2(4)(B) (Supp. 2010), and (4) ruled that Cabatbat's Second Amended Complaint did not constitute a strategic lawsuit against public participation (SLAPP).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Curtis's points of error as follows:

Curtis argues that the circuit court erred when it held that his letter and affidavit were not protected under HRS Chapter 634F. Chapter 634F was enacted to prevent a SLAPP that "lacks substantial justification or is interposed for delay or harassment" and is "solely based on the party's public participation before a governmental body." HRS § 634F-1. Chapter 634F protects "oral or written testimony submitted or provided to a governmental body during the course of a governmental proceeding." HRS § 634F-1. Curtis's letter and affidavit sent to the principal of Waiakea High School were not

---

[1] The Honorable Greg K. Nakamura presided.

[2] Curtis's opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(3) in that the statement of the case fails to set forth "record references supporting each statement of fact or mention of court . . . . proceedings." (Emphasis added.) Curtis's counsel are warned that, pursuant to HRAP Rule 51, future non-compliance with HRAP 28 may result in sanctions against them.

written testimony submitted during the course of a governmental proceeding; therefore, the circuit court did not err when it held that Cabatbat's lawsuit against Curtis was not a SLAPP as defined under HRS Chapter 634F.

Therefore,

IT IS HEREBY ORDERED that the "Order Denying Defendant/Third-Party Plaintiff Barry Curtis' Motion for Judgment on the Pleadings Pursuant to HRS Chapter 634F, or in the Alternative, Pursuant to HRCP Rule 12(B)(6)" filed on June 17, 2009 in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, August 29, 2011.

On the briefs:

Jason M. Tani
Lisa K. Strandtman
(Rush Moore, LLP)
for Defendant/Counterclaimant/
Third-Party Plaintiff-Appellant
Barry Curtis.

Dwayne Stephen Lerma
Jo Anne Goya
(Lerma & Goya) and
Jamae K.K. Kawauchi
for Plaintiff/Counterclaim
Defendant-Appellee Collin
Cabatbat.

Presiding Judge

Associate Judge

Associate Judge

3